JOHN T. BIRD, HENRY C. PITNEY, ROBERT S. GREEN AND
JOHN R. EMERY, VICE-CHANCELLORS.

---

## FREDERICK HEMSLEY

*v.*

## RICHARD BEW et al.

Apprehension of irreparable injury, grounded upon theories which rest in conflicting and indeterminate evidence, will not justify the issuance of a preliminary injunction, especially where it appears that, by the denial of such injunction, adequate relief upon final hearing will not be defeated.

---

On order to show cause why an injunction should not issue. Heard on bill and affidavits.

16 [241]

*Mr. John P. Stockton* and *Mr. Samuel E. Perry*, for the complainant.

*Mr. David J. Pancoast* and *Mr. Clarence L. Cole*, for the defendants.

THE CHANCELLOR.

The complainant seeks an injunction to restrain the completion of a jetty or dyke which is to extend into the ocean, a few feet below low-water mark, in front of the defendants' upland, at Atlantic City, and within the limits of a grant to the defendants by the riparian commissioners of this state, on the ground that the jetty or dyke will create a continuing nuisance which will work irreparable injury to him. The injury, he insists, will be caused by obstruction of the natural flow of the ocean tides and littoral currents, resulting in eddies and new currents which will wash away the beach in front of his property adjacent to the jetty or dyke and undermine structures upon his land.

It is unnecessary, in the disposition of this motion, to decide the question, to some extent discussed by counsel, touching the complainant's right under his riparian grant. Admitting, for the purposes of the motion, that the jetty constitutes a purpresture and public nuisance, it is borne in mind that the complainant may not invoke the interposition of this court unless he suffers or will suffer some private and material damage from the nuisance, distinct from that which is suffered by the public at large. By his bill he recognizes this well-established rule.

In equity procedure it is also settled that an injunction to restrain a nuisance will issue only in cases where the fact of nuisance is made out upon determinate and satisfactory evidence. If the evidence be conflicting and the injury be doubtful, that conflict and doubt will be a ground for withholding injunction. And where interposition by injunction is sought to restrain that which it is apprehended will create a nuisance of which the complainant may complain, the proofs must show an apprehension of material and irreparable injury well grounded upon such a state of facts as will manifest the danger to be real and imme-

·diate. *Newark Aqueduct Board* v. *Passaic, 18 Stew. Eq. 393, 402.*

I have carefully examined the testimony which has been taken in this matter, and find that it, at least, is conflicting, and, as well, indeterminate, that the complainant has well-grounded apprehension of such injury as he may ask to have avoided by this court. That the jetty or dyke will affect the beach about it, is conceded by all witnesses, but precisely how it will affect the property of the complainant, whether injuriously or bene- . ficially, or materially one way or the other, is problematical.

It does not appear that denial of the present application will ·deprive the court of ability to afford him relief at final hearing, if time or further proofs shall verify the theories upon which his present apprehension of damage is largely grounded, and hence the doubt I now entertain as to the essential fact—special injury—must defeat the present application. *Connelly Manufacturing Co.* v. *Wattles, 4 Dick. Ch. Rep. 97; Citizens' Coach Co.* v. *Camden Horse Railroad Co., 2 Stew. Eq. 299; Stitt* v. *Hilton, 4 Stew. Eq. 285; Delaware, Lackawanna and Western Railroad Co.* v. *Central Stock Yard and Transit Co., 16 Stew. Eq. 605; Haggerty* v. *Lee, 18 Stew. Eq. 255; Newark Aqueduct Board* ·v. *Passaic, 1 Dick. Ch. Rep. 553.*

The order to show cause will be discharged..